United States v. Oliver Mr. Schweitzer, Mr. Zosmer, always good to see you back again. Thank you. Good afternoon. Thank you, Your Honor. Please proceed. Good afternoon, Your Honors. Brett Schweitzer of the Defender's Office. At this time I'd like to reserve three minutes for rebuttal. Done. Thank you. We're about to beg, Your Honors. Allow me to apologize, please, for the deficient briefing in this case. That's not the standards that I think Your Honors are rightfully expecting and not what we typically produce. And I regret the deficiencies. What we have now in this case is a narrow issue as to two predicates that are in play. That is Pennsylvania rape under the 4721 statute as amended in 1966 and the aggravated assault. The two points in this case are that there have been concessions and they've dropped out. So Mr. Oliver needs to show that only one of these, the rape or the aggravated assault, is not a violent felony for the ACCA not to apply.  Go straight, if you would, go straight to the government's argument that that's something that the force element is something we can and should determine as a matter of federal law, not as a matter of Pennsylvania state law. They are correct, but that's half the story. There are two steps in any analysis here. One is what does the state law require as a matter of state law? What is rape in Pennsylvania? The second step, which Your Honor referred to, is whatever that is, is that qualified under Johnson as a matter of federal law? Is that a violent felony under federal law? So there's two steps. And here when we look at rape, we have, I don't think there's really any dispute here as to what Pennsylvania rape covers, and it's quite broad. 4721A, which is what we're dealing with here, we can see it's debatable, and the A is the subsection in play, covers forcible rape. That's what they call it. We have to look, just as in the burglary context and anything else, labels don't determine. So we have to look at what Pennsylvania law covers by that, under that subsection. And what it covers is, the bare minimum conduct that it covers is penetration, however slight, with legally invalid consent. There are a number of Pennsylvania cases that talk about this. Okay, we're there. So what that means, then, is once that's accepted as Pennsylvania law, this Court is today not writing on a blank slate. The Court has already said that the statute in New Jersey that covers penetration with legally invalid consent does not qualify under the force clause. That was under the guidelines, but it's the exact same force clause. And five other circuits have ruled that such a rape statute does not qualify under the force clause. Is it really a fair reading of Johnson to exclude forcible rape from the definition of violent felony when the court in Johnson is quoting Black's Law Dictionary, which includes as part of the definition, forcible rape, along with other crimes, as conveying extreme physical force? That is just like burglary. That's the legal issue. So Pennsylvania burglary has been recognized for 25 years. It's not burglary under the ACCA. What Black's Law Dictionary says in terms of a violent felony and forcible rape, it doesn't define forcible rape, what exactly it means by that. But what we need to do is not look at the label, but we need to look at the scope of what's prohibited under the state law. And so here, of course, what you naturally would think about in a, quote, forcible rape context is, you know, a violent, knife-between-the-teeth, non-consensual rape situation. It's absolutely clear that the Pennsylvania law does cover that, certainly covers a lot more than that. Namely, the legally invalid consent, even when there is ostensible consent. I would point the court to the Stevens case. We noted in our briefing, that's the Pennsylvania Supreme Court case, which I think is most pertinent here, and had to do with the sex with a mentally deficient, mentally incompetent victim. And what the court said in Stevens, and again, I won't belabor the point, but what the court said is very instructive. And what it said was that violence is not required, physical force is not required, force may be constructive. Now, this goes to step one. Now, the question then becomes step two as a matter of federal law, and that's where we have Lemoyne. This is the government's argument. Quote, the act of penetrating another person's body through means of forcible compulsion involves the use of force, quote, capable of causing physical pain or injury to another person, close quote. And then it says, Oliver's proposition is shocking that rape under federal law is not a violent felony. What's your response to that assertion that, in essence, the government is saying your position is preposterous, because, of course, this is going to involve a degree of force, and that force will indeed cause a person pain and injury? My response is, I have a couple of responses. First, I'll say that, you know, preposterous standard or kind of throw up the arms is not a legal argument. What we have here is an ACCA statute that everyone knows, you know, this was, this probably would have been, Pennsylvania rape probably would have come under the residual clause. The residual clause is gone. You know, it's up to Congress. If there are gaps to be filled, let them fill it. That doesn't mean that controls the element. So your argument is that because of the Pennsylvania law, rape can be perpetrated without an act of physical violent force, because it can be perpetrated against one who is unconscious or drugged. That's your position. Therefore, that's the definition, and therefore, it doesn't fit the Johnson definition of force, divisible violence or physical violence. Am I correct? Exactly. Now, take this hypothetic with me. We know what the charging instrument here says. It simply allows us, because the statute is divisible, we can go to the Shepard document. The Shepard document is the indictment. The indictment tells us this is, this was a rape without serious injury and someone over 16. Correct? Because it doesn't allege under 16, it doesn't allege serious injury. And the sentence is not consistent with that provision. Okay. What if the indictment charged that the rape occurred at gunpoint and bound the victim? It was a speaking indictment. Would the outcome be different? Because we were in Shepard land. We can look at the document. It would tell us how the offense was committed. It wouldn't. Couldn't we do that? It wouldn't, because what Shepard allows you to do is not just look at a Shepard document and go to town with the facts in the Shepard document. So we have to ignore something I think one of my colleagues here said in an opinion that says we shouldn't be turning a blind eye once our eye is open. They're telling us we should. We should squint. They can tell us we have to, right, that we can only look at the Shepard document to discover. And I think in this case, if I'm not mistaken from the PSO, we're talking about a gang rape here. What we're talking about, Your Honor, is what we know. The only thing that we know is there were three women and six men involved. We have no idea if that was a violent street encounter. We have no idea if it was an alcohol-infused party that went wrong. We have no idea. And we have the idea that it was charged as forcible rape and there was a conviction under that statute. Absolutely right, Your Honor, and forcible rape is overbought under Pennsylvania law. And your position is, in answer to Judge Schwartz's question, that once we are aware of the facts, we then have to put the blinders back on because it only steers us into the provision or the section of the statute we need to be in. And then we have to pretend we know nothing and we apply the categorical approach, right? Yes. That is my abstract position. We don't have to get to that here because the Shepard documents don't tell you anything. They tell you six and three. That doesn't tell you anything about force. It may very well be that it's a forcible scenario and maybe it's not. So, yes, that is my position as an abstract matter from the law. So this could be the most gruesome rape ever in history, and the legal position of the defenders is the court can know that, in fact, does need to know it in order to steer itself into the right position in the statute, and then has to pretend they don't know anything and just ask the question, Pennsylvania statute, ACCA, do they fit? That's my position, but it's also the Supreme Court's position. So there's not a lot else I can say about that. That is, as Your Honor and some other judges have recognized, is not perhaps an ideal situation under the statute or a penological law. We don't go about talking and we don't contort other sections of the statutes and make elements where there are none to fill gaps. But with Castleman, the Supreme Court has also told us that we can look at context and we can look at the nature of the crime that's charged. And why here, where we've got a question of rape without consent, why doesn't that, where we've got penetration as part of the statute, make this analogous? I mean, you dismissed the government's boxing argument, but why isn't consent a dividing line between things that are violent and nonviolent? If you consent to your doctor opening your body, right, that's not going to be a violent crime. If you don't consent to someone doing that, then it is. Why, in view of Castleman and our ability to take account of context and the nature of the offense, don't we do that with forcible rape and look to consent as the dividing line between penetration that is violent or nonviolent? I think that argument would have some force or some persuasive value if consent under Pennsylvania meant consent in fact. If consent were a proxy for, or if non-consent were a proxy for resistance or factually non-consenting, you get quite a bit closer to it being a proxy for violence because there's overcoming of resistance and so forth. But that's just not what Pennsylvania law is. Pennsylvania law covers legally invalid consent, a sensible consent by someone who's incompetent. And so that consent, therefore, can't serve as a proxy like Your Honor is suggesting. But that's just means of overcoming consent. And it still is lack of consent in fact. Well, the cases draw a distinction between consent in fact and legally invalid consent. So in other words, in Stevens, in the Pennsylvania case I referred to earlier on, we don't know, I'm not suggesting there, the court doesn't recite whether the victim there was actually assented or not. She may have, she may have not. But it's clear that there can be assent or consent in fact in situations where there is still rape under these types of statutes. And what I'm suggesting to Your Honor is that when you have that situation, that is no more violent than perfectly consensual sex. So I would point Your Honor to the Fifth Circuit, or I'm sorry, the Ninth Circuit in Beltran-Manguila and the Fifth Circuit in Sarmiento-Fuentes. The courts there, those are two of the five courts that have said that these types of rape statutes can count. Those two courts specifically took on what is the government's argument here, which is penetration plus even legally invalid consent still equals force. And those courts specifically and expressly say no, that's just not true. And that's also backed up, I would just point out to Your Honor, with the notion that, not the notion, the law, that penetration here in Pennsylvania under the common law is penetration however slight. I won't go into the, I've read too many old Pennsylvania rape statutes from my life over the last several weeks, and I won't go into any uncomfortable details. But I can say basically that that means contact between sexual organs. So we don't have a situation where, again, even in a typical, empirically a typical case, you may have penetration, actual penetration involved, or even something that is just shy of that. You have essentially under the case law this contact issue. So I would say here to Your Honor, both in terms of the consent not being a dividing line, even the penetration isn't a very good dividing line here, again, because the common law and because Pennsylvania defined it properly so. Under the prescription end of things, we're now talking about can we use this to enhance a sentence, but under at the front end on prescription, criminal laws are designed to capture a lot of conduct, and they ought to. These are terrible crimes. No one's defending them.  Thank you, Your Honor. Thank you, Mr. Choice. We'll have you back on rebuttal, Mr. Salzman. Good afternoon, Your Honor. May it please the Court, Robert Salzman on behalf of the government. Thank you for hearing us. You've had a long morning, and you've arrived here at the lane of the bazaar, where we're once again before the Court to talk about this categorical approach and whether an obviously violent offense such as rape is a crime of violence under federal law. And it is bizarre land, but why don't you please deal with what Mr. Schweitzer has described as Pennsylvania law being what it is. I mean, you heard his response, which is to say this is a shocking position is really just to throw your hands up and to walk away from what the Supreme Court has laid out as the binding law. Well, so the categorical approach does produce strange results, but fortunately here it does not. It reaches the correct result, and I will deal specifically with that. We have to show that the crime as an element requires the use or attempted use or threatened use of physical force. And all that matters here, it's a pretty narrow issue before the Court, all that matters is what is the definition of physical force under federal law, and does the statute require that as an element. And that is Johnson 2010. Before you get to that, though, before you get to whether the force in the Pennsylvania law equals force under ACCA, don't you have to ask the question, what is force under Pennsylvania law? You do. And they say the Pennsylvania statute properly read in light of the case law tells you you don't have to have force at all. So what the Pennsylvania statute says, and there's a perfect summary quote in the Pennsylvania Supreme Court's decision in a couple places, but in Commonwealth v. Rhodes, the 1986 case, it says, the essential elements of the crime of rape under this definition were penetration, however slight, force, and the lack of consent of the woman. So you have three elements there, penetration, force, and lack of consent. Right. And their assertion is that there's plenty of case law in Pennsylvania that says that force is actually not required, that you can have consensual sex where there's not force involved, and if the consent is legally invalid, that's the crime. So they are correct. We need to break this down. There's three elements. The second element, even though it's called force, in order to summarize what we agree with, force under Pennsylvania law does not necessarily involve force. So, yes, many Pennsylvania rapes are horrendous violent crimes, but because of the categorical approach, we have to show that the least conduct involved is violent. So force can be lack of consent due to insanity, being drugged, being unconscious, and therefore does not necessarily require force. So our focus here, though, because, again, the state labels don't matter. What matters is what are they describing according to their state Supreme Court. So even though they label that second element force, that doesn't cut it for us. But we go back to the first element, which is penetration, however slight, and whatever name they want to give that, that does meet the federal definition of physical force. I thought that was a separate element. It is. So how could it satisfy Johnson's force if you can't have force by force? Penetration is a separate element no matter how slight, I think, as counsel describes. It demonstrates the realm in which the physical contact occurred, and then the next question is by what means did that physical contact occur. So I don't think you can replace penetration as the act of force itself. I don't agree on that, and let me try to explain why. And what's so strange about this area, again, is that the labels don't have to match, which my friend Mr. Schweitzer correctly said. So Pennsylvania can call something burglary, and yet under federal law it's not the generic crime of burglary, and therefore it doesn't count in many of this court's decisions, such as Steiner, which was the burglary decision. Pennsylvania burglary is not federal burglary. We have to remove the idea that the labels are controlling. We have to remove the idea that words mean things. But here's the problem and the conundrum. When you say we can focus on penetration however slight and that constitutes force, you have to address Mr. Schweitzer's assertion that that means mere contact. I mean, this is like a, not to pretend that everybody who hears this is of delicate sensibilities, but this is an uncomfortable subject, right? But I take his point to be any touching of the sexual organs, that counts, because however slight just means that, however slight. So any touching of the sexual organs would count under Pennsylvania law as penetration however slight. And how can that be, quote, a violent felony, unquote? Because ACCA requires a violent force, does it not? It does, but I want to go further into the definition of violent, because that's important also. But to answer your Honor's question, that is not a correct statement of Pennsylvania law. Pennsylvania law requires penetration however slight. And that's the key thing here. There is penetration. If you want to look at a rape statute that does not, that would be required, suffice, to have just sexual touching as opposed to penetration, that's the 11th Circuit case, where the 11th Circuit recently held, they said they were going down the rabbit hole, but they had to find that that Alabama statute didn't qualify, because it was satisfied by mere touching, maybe even of clothing. But didn't they actually cite Pennsylvania's case when they were, I mean the Alabama courts had adopted the Pennsylvania view, right? Again, that's the second element, which is the element that doesn't control here. But the Alabama statute did not require penetration. This statute goes much further. There is an assault statute in Pennsylvania for people who unoffensively touch someone, whether sexually or otherwise. This is a rape statute. This is a penetration statute. And penetration is a physical invasion of an unwilling person's body. That is what was the element there, even if you want to call it slight. So you are reading out the third element of words which you recited, touch, which was force. I'm saying that there are three different elements, and whatever label they're given, we have to go one by one and say, does any of them require physical force, as defined under federal law? If the answer is yes, it's a violent felony under ACCA. If the answer is no, then it doesn't qualify, even though we know that many people can commit this crime in horrifically violent ways. And even though we've already discussed here, the intent of the Pennsylvania statute, apparently, and is interpreted by the highest courts in Pennsylvania, is to sweep in a lot of conduct that one would not associate with violence or force, right? I mean, their assertion is that you can, and I guess we'll hear from him about whether you're touching it or not, but that notion, penetration, however slight, has to square up with then your assertion of what we would commonly think of as violent force. And so for your definition to work, there has to be a decision that, even though in common parlance what people call violence is not what we're talking about here, because this is an area of such personal sensitivity and sanctity that no one would call what just happened in that bedroom, quote, violent, unquote, in the ordinary use of the word, because this is sensitive, and I'll repeat the word, there's a certain sanctity associated with sex, that makes it violent. Well, I'm not saying that, but I agree. Well, then I don't know how you get to where you get to. I have to get to Johnson 2010. That's what, this case rises or falls on the Supreme Court's definition of what violent physical force is. And that's the only decision that's on point, everybody agrees, controls, is the Supreme Court's Johnson 2010 decision. And what they say in that Johnson case, I call it 2010 because, of course, we have two different Judges, but what they say in that case is violent physical force means force that is capable of causing pain or injury to another person. That's what they say. That's the definition. And other courts have recognized that that's not a high threshold. The 7th Circuit wrote about that recently in a case, I think, called Duncan. And the reason it's not high is because they then say that a slap in the face suffices. And what didn't suffice in Johnson 2010 was a Florida battery statute, which was a mere touch, simply touching somebody. But then they say a slap in the face will suffice. What other cases are now focusing on as well, more recent cases, is Justice Scalia's concurrent opinion in the Castleman case, which comes four years later. And the reason people give that weight is because Justice Scalia is the person who wrote Johnson in 2010. And what he says in his concurrence in Castleman in saying that the violent force required under the misdemeanor crime and domestic violence statute is the same as ACCA, what he says is that hitting, slapping, shoving, grabbing, pinching, biting, and hair-pulling, he says none of these actions bear any resemblance to mere offensive touching, and all of them are capable of causing physical pain or injury. So the question before this court, I think, is very narrow, which is, if pinching, which can cause somebody the necessary threshold of physical pain or injury, is sufficient violent physical force under ACCA, then what about penetrating a person's body with a sexual organ, someone who has not given consent, either because this is accomplished by force or the person's unconscious, is that separate from the mere offensive touching that Johnson 2010 said is not enough? Are we using the word violence here in an equivocal way and pain and injury in an equivocal way? Because what it sounds like you're really getting at and what your briefing seems to be pushing toward is that, of course, there's pain and injury here, but it's of a psychic variety. A person's been violated, and they realize later, perhaps, they've been violated, and that that's the kind of injury that you seem to be pressing as fitting this definition. But am I right that that's the government's position? Because if you said penetration, however slight, then maybe if we were in this weird clinical world where we were setting aside psychic injury and emotional injury, maybe you really would say, Well, that doesn't, that isn't, that isn't the pinch. That's not even a pinch. The thing that makes it so dramatic is because it has a deeply resonant emotional piece to it that you could just have a hard time setting to the side. I don't think we need to draw a line between what we would call psychic pain and other things. Pain is psychic. It is an emotional mental reaction to whatever's happening to the body. So I've never seen a case that's distinguished it. If a person is penetrated by someone else, either because they were forced to do it or because they've been rendered unconscious, that causes pain. It can cause, and I don't know how to distinguish between physical pain and psychic pain, nor do I know how to distinguish this from a pinch. So being distressed, being really upset, being felt violated, being deeply offended, and for all the natural and sensible reasons one would think a person would feel, even though there was literally no physical reaction at all, no physical pain at all, it's that kind of, it's that kind of pain or injury that we're talking about with ACCA, despite the fact that the definition is, quote, physical pain or injury. I don't quarrel with that because I think that's also physical pain, but I don't accept that it's not physical pain when someone against their will has a sexual organ penetrated. I think that causes at least the pain that's caused by a pinch. What does however slight mean? Doesn't that mean you could barely notice it? What do we make of those words, however slight? Well, a couple things on that. First, I think however slight means there has to be some degree of entry, some degree of penetration. The other thing we have to look at here, when we take the categorical approach to these extreme meta-regions, what the Supreme Court has said is there has to be a reasonable probability that the state will prosecute the crime under whatever crazy hypothetical that somebody has been able to come up with. And so the question we really have to ask here, is there a reasonable probability that Pennsylvania is prosecuting people for rape, as opposed to some other statute, based on the nearest microscopic touching and there's no showing of that? And I guess I have no problem at all believing that a prosecutor would charge that. In the right case, they would say, this is a rape. This is a rape under our statute. Here's a drugged woman. Here's an underaged woman. Here is a girl. Here is a person lacking mental capacity, and this person abused trust or did some other terrible thing. And yeah, I can absolutely envision a prosecutor saying, let us throw the book at the dirt bag and hit them with the hardest statute we can get. I'm not sure why you think that's a stretch. Well, I'm not saying it's a stretch. What the Supreme Court says in the Duenas case is that the defendant has to show either that, whatever hypothetical we're talking about here, either that that was charged in his case or it was charged in somebody else's. The fact that we can sit here and postulate that, sure, there's some prosecutor who wants to throw the book at somebody, yeah, we can do that, but that's not the reasonable probability test. You said that the offense is penetration against their will. It's against the person's will is sufficient to be Johnson force. That's basically what I heard you say. But once again, we have three elements in the Pennsylvania statute. Lack of consent is equivalent to against one's will. Penetration, a separate element. And then we have force. Each one of the articulations I hear from you sort of reads out the language of force, which I guess Pennsylvania Supreme Court was really trying to ensure that it doesn't have to be physical force in order for it to be criminal rape. Well, again, the point, Your Honor, is that to meet the elements clause of ACCA, every element of the state statute doesn't have to be forceful. No, I understand that. But you read out the force clause of the Pennsylvania statute. I read out the clause that Pennsylvania happens to label force. But there are many instances, unfortunately, under the categorical approach, where states have given labels to things that sound violent or seem like they meet the categorical definition, and they don't under federal law. So that second element, much as I would like to stand here and say force meets force, I can't say that. In the same way, I can no longer say burglary of Pennsylvania is burglary. These are the situations that the categorical approach has put us to. So I don't rely on the second prompt. I do need to say one thing quickly about the Ramoy case and the other cases from other circuits that my friend would rely on, if I could just take one minute. The important point there, the government did concede in Ramoy a 2005 case with regard to the elements clause. There's slight penetration. You want to trace that back, right? I want to walk that back. And then I want to walk back the Fifth and Ninth Circuit decisions as well. And the reason is all of them were decided before Johnson 2010. Johnson gave us the definition that we never had of what physical force is that Justice Scalia wrote there and then amplified later. But if we're going to take capable of causing physical pain to include psychological pain, how do we still demarcate offensive touching, which also causes psychological pain? That hasn't been our position. I'm not here to advocate that this suffices because of psychological pain. I believe that our submission in the case rises and falls on this, is that penetrating a person's body, however slight, against their will, causes physical pain sufficient as it's defined by Johnson 2010. I want to make sure I heard that right. Your case does not rely on psychic pain. It is a statement that penetration, however slight, will constitute violent physical force within ACCA. That is, force causing physical pain or injury to another person. Correct. Capable of causing physical pain or injury. That's the definition. That's physical, not psychic pain or injury. That is what the Supreme Court has said. Gotcha. Thank you. Thank you. Thank you, Your Honors. Let me start with the case law. We're not off the reservation here. We're not in hypothetical land. We're talking about real Pennsylvania cases, the real breadth of the statute, and five circuits, all of whom, none in the other direction, have said these rape statutes don't qualify. I want to address, if you would, Mr. Schweitzer, the assertion Mr. Zasma made that you're just wrong about Pennsylvania statute because it does require something more than a mere touching of the sexual organs. There does have to be penetration, and that's a different thing, and you've misread it or misunderstood it. Well, the only thing Mr. Zasma relied on was the word penetration, which is a label, just like burglary, just like force. You have to look at the case law. I've looked at the case law. Your Honors will look at the case law, I'm sure. I'm happy to provide you a letter on that. And what the case law shows is that there is, yes, there's penetration. The requirement is labeled penetration. There are a lot of cases that say penetration, minimal penetration, however slight penetration. There are cases that say that touching, at least it has to be touching. The sexual organs, mind you, not hand, not whatever, the sexual organs need to be touching. This comes up in rape. It comes up in sodomy. So you have oral situations. If you've got a case law that says mere touching, then I do want a 20HA letter, and I'll give you five days to produce it, and Mr. Zasma, you can have a couple days to respond. But I'd like to have you produce a 20HA letter that verifies your assertion that penetration, however slight, has been interpreted by the Pennsylvania courts to mean a mere touching. I'd be happy to provide that, Your Honor, with the cases I have. Now, I would also say that, again, with respect to these other circuits, you know, the 11th Circuit, yes, and Owens, the government, Mr. Zasma helpfully brought to the court's attention Davis, the recent case. It involved a contact offense, which Mr. Zasma tries to distinguish. The relevant 11th Circuit case is Owens. I would just point that out. That's in our briefing. That's 2012, where they said post-Johnson that we have to flip our law on this. It's no longer under the elements clause. This type of rape statute is not a violent felony. In fact, the court said there it would be intellectually dishonest to say it was. Again, they were not happy with the categorical approach either. So that's the Owens case. And, again, the 9th Circuit and the 5th, as we already talked about, also addressing this issue. So, Your Honors, in closing, I would just say that, again, there are many cases that are difficult in this area, both from a legal perspective and from sort of a gut perspective. This is a difficult case from the gut perspective, but not from the legal perspective. Thank you. All right, thank you. I was quite sincere in saying it was good to see both. We appreciate the arguments that you provided and the help you provided.